Shefali Milczarek-Desai AZ Bar #021237
Workers' Rights Clinic
University of Arizona Rogers College of Law
1145 N. Mountain Ave.
Tucson, AZ 85719
Telephone: (520) 626-9950
Fax: (520) 626-5233
shefalimdesai@email.arizona.edu

*Attorney for the Plaintiffs*

## UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| MARIA TOLANO; FRANCISCO JAVIER PONCE BERNAL; JOSE DANIEL MENDOZA; & RAQUEL HERRERA<br><br>Plaintiffs,<br><br>vs.<br><br>EL RIO BAKERY; & CARLOS GUILLERMO VARGAS MENDOZA<br><br>Defendants | CASE NO: CV-18-00125-TUC-RM<br><br>Affidavit in Support of Motion for Default Judgment and Request for Monetary Relief |

I, Shefali Milczarek-Desai, do hereby affirm under oath that the following facts are true and correct:

*Defendant's Failure to File Responsive Pleadings*

1. I represent Maria Tolano ("Ms. Tolano"), Raquel Herrera ("Ms. Herrera"), Jose Daniel Mendoza ("Mr. Mendoza") and Francisco Javier Ponce Bernal ("Mr.

Bernal"), collectively called "Plaintiffs," in the above-referenced matter ("the Lawsuit").

2. El Rio Bakery ("El Rio") is a corporation that was administratively dissolved before this lawsuit was filed. On information and belief, El Rio ceased operations on October 4, 2018. El Rio is not a minor or incompetent person. Nor is the Service Members Civil Relief Act, 50 U.S.C. §3901 et. seq., applicable.

3. Carlos Guillermo Vargas Mendoza ("Mr. Vargas") and his wife Griselda Vargas owned El Rio, and Mr. Vargas managed El Rio and supervised the Plaintiffs' work during their employment. Mr. Vargas is not a minor or incompetent person. Nor, on information and belief, is he an active member of the armed services. Inasmuch as Plaintiffs are not in possession of his date of birth or social security number, they are not in a position to verify that information. 50 U.S.C. §3931.[1]

4. On July 6, 2018, Plaintiffs, by the Federal Marshall Service, served a Summons and Complaint on El Rio and Mr. Vargas, collectively called "Defendants," in the Lawsuit. Copies of the Summons, Complaint and Proof of Service have been filed with the Court.

---

[1] Pursuant to 11 U.S.C. §362, the lawsuit against Mr. Vargas had been automatically stayed based on his Petition in Chapter 13 bankruptcy in Case No. 18-bk-10932-BMW. 11 U.S.C. §362. The Petition was dismissed by Order of the Bankruptcy Court on February 19, 2019, a copy of which is attached hereto as Exhibit A-1, allowing Plaintiffs to proceed with the Lawsuit against Mr. Vargas as well as El Rio. 11 USC § 362(c)(2)(B).

5. On August 24, 2018, Plaintiffs, by the Federal Marshall Service, served a
   Summons and First Amended Complaint[2] on Defendants.  Copies of the
   Summons, First Amended Complaint and Proof of Service have been filed with
   the Court.

6. Under the Federal Rules of Civil Procedure ("the Federal Rules") responsive
   pleadings must be filed within 21 days of service of the summons and complaint.
   Fed. R. Civ. P. 12(a)(1).  Therefore the time to file responsive pleadings to the
   Complaint and First Amended Complaint expired on July 26 and September 14,
   respectively.  Moreover, by Order, dated December 4, 2018, the Court extended
   the time to file a responsive pleading until December 17, 2018.  To date,
   Defendants have not responded to the Complaint or First Amended Complaint in
   any manner.  Nor have Defendants sought an extension of the time to file a
   responsive pleading.

7. On January 2, 2019, pursuant to Fed. R. Civ. P. Rule 55(a), the Clerk of the Court
   entered default against El Rio.  On March 13, 2019, the Clerk of the Court entered
   a default against Mr. Vargas.

---

[2] References to the "Complaint" will refer to the First Amended Complaint unless
otherwise noted.  Citations to the Complaint will be noted as CPT: with the appropriate
paragraph number.

*Basis for Calculating the Remedy*

8. Plaintiffs, by Counsel, have requested documentation as to their wages paid and hours worked from Defendants both orally and in writing.  However, Defendants has failed to respond to these requests.

9. As set forth in detail in the accompanying Memorandum of Law, under both Federal and State Law, Defendants had an obligation to maintain accurate and contemporaneous records of Plaintiffs' wages and hours, among other things.  29 U.S.C. §211 (c), 23 A.R.S. §364(D).  To date, Defendants have failed to produce any records or otherwise assist in determining precisely how many hours Plaintiffs worked.  Where, as here, an employer fails to produce records it is legally obligated to maintain, the burden shifts to the employer to disprove the plaintiff's estimates as to what is owed.  *Anderson v. Mt. Clemens Pottery Co.*,  328 U.S. 680 (1946),  superseded on other grounds by statute, Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251-262.  In the absence of any documentation from Defendant, the calculations as to the back pay and wages owed are based on the Plaintiffs' best estimates.

10. 29 U.S.C. § 216(b) provides for double damages for violations of 29 U.S.C. §207, which is the requirement that employers pay non-exempt employees time and half for hours worked in excess of 40 in a week.  Therefore, the calculations for overtime violations include double damages.

11. Arizona's minimum wage law provides for the award of treble damages. 23 A.R.S.

Exhibit A: Affidavit in Support of Motion for Default Judgment

§364(G). Therefore, the calculations for Defendant's minimum wage violations

include treble damages.

12. The Complaint alleges some form of retaliation against each of the Plaintiffs.

CPT: 39-64.[3] Arizona law provides that:

> [A]ny employer who retaliates against an employee or other person in
> violation of this article shall be required to pay the employee an amount set
> by the commission or a court sufficient to compensate the employee and
> deter future violations, but not less than one hundred fifty dollars for each
> day that the violation continued or until legal judgment is final.

23 A.R.S. §364(G).   Accordingly, the calculations include $150.00 for each day

between the start of the alleged retaliation against each of the plaintiffs through

October 4, 2018, the date El Rio ceased operations.

### *The Amounts Owed:*

*Maria Tolano*

13. As alleged in the Complaint, Ms. Tolano worked for Defendants from March 4,

2013, until February 18, 2018.  Throughout 2017, Defendants paid Ms. Tolano

$8.50 per hour, $1.50 less than the Arizona minimum wage in 2017.

---

[3] The General Counsel of the National Labor Relations Board ("the Board"), by the
Regional Director, Region 28 (Phoenix), issued a Complaint and Notice of Hearing
alleging, among other things, that El Rio discriminated against each of the Plaintiffs in
violation of Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C.
§158(a)(1)("the Act"), because they concertedly complained about their wages and
working conditions and engaged in other protected concerted activity. The General
Counsel also alleged that El Rio discriminated against Plaintiffs, Bernal and Mendoza in
violation of Section 8(a)(4) of the Act, 29 U.S.C. §158(a)(4), because they cooperated
with the Board's investigation.  On February 28, 2018, the Board issued a Decision and
Order, a copy of which is attached hereto as Exhibit A2, finding El Rio in default and
ordering remedial relief.  Plaintiffs do not seek double recovery for retaliation.  In the
event relief is granted in this forum for retaliation, Plaintiffs will notify the Board of the
extent to which they have been compensated for the unfair labor practices.

As of January 8, 2018, until her discharge on February 18, 2018, Defendants paid Ms. Tolano $9.50 per hour, $1 less than the Arizona minimum wage in 2018. (CPT: 34-37)

14. Throughout her employment, Ms. Tolano regularly worked more than 40 hours per week, but Defendants never paid her at time and half of her regular rate of pay or the minimum wage for hours worked in excess of 40 in a week as required by Federal law. 29 U.S.C. §207(a).  CPT: 37-38.

15. As alleged in the Complaint, Defendants discharged Ms. Tolano on February 18, 2018, in retaliation for her complaints about minimum wage and overtime violations. CPT: 50-51, 107-108. We have therefore calculated the remedy for retaliation at a rate of $150 per day, from February 18, 2018, through the date that El Rio ceased operations on October 4, 2018.

16. Based on the above, Plaintiffs have calculated[4] that Defendants owe Ms. Tolano remedies including back pay and liquidated damages as set forth in the tables below:[5]

---

[4] All numbers are rounded to the nearest dollar.

[5] The estimate of Ms. Tolano's hours and the calculations is attached hereto as Exhibit A3.

Exhibit A: Affidavit in Support of Motion for Default Judgment

## FLSA Unpaid Overtime Violations

| Year | Base Wages | Base Wages and Liquidated Damages (Base wages x 2) |
|---|---|---|
| 2015 | $466 | $932 |
| 2016 | $954 | $1908 |
| 2017 | $1,575 | $3,150 |
| 2018 | $100 | $200 |
| Total: | $3,095 | **$6,190** |

## Arizona Minimum Wage Act Violations

| Year | Base Wages | Base Wages plus liquidated damages (Base wages X3) |
|---|---|---|
| 2017 | $3,584 | $10,752 |
| 2018 | $343 | $1,029 |
| Total: | $3,927 | **$11,781** |

## Arizona Minimum Wage Law Retaliation Remedy

| Last Day of Work | Day El Rio Closed | Total Days | Total |
|---|---|---|---|
| 2/18/18 | 10/4/18 | **228** | **$34,200** |

## Total Amount Owed:

| All Claims | Base Overtime and Minimum Wage with liquidated Damages | Retaliation Remedy |
|---|---|---|
| **$52,171** ($1,7971 + $34,200) | $17,971 ($6,190 + $11,781) | $34,200 |

*Javier Ponce Bernal*

17. As set forth in the Complaint, Defendants employed Mr. Bernal from January 11, 2016 to May 2018. CPT: 22.  Mr. Bernal does not recall the exact date he left Defendants' employ.  In the absence of any records from Defendants, we have

estimated that Mr. Bernal worked through the week of May 7, 2018, based upon his best recollection.

18. During 2016, Defendants paid Mr. Bernal $7.25 per hour, $.80 less than Arizona minimum wage of $8.05 in 2016. From January 2, 2017 to December 31, 2017, Defendants paid Mr. Bernal $8.00 an hour, $2.00 less than the $10.00 Arizona minimum wage in 2017. From January 1, 2018 until his last day of work in early May 2018, Mr. Bernal was paid $9.25 per hour, $1.25 less than the $10.50 Arizona minimum wage in 2018.  CPT. 21-25.

19. Throughout his employment, Mr. Bernal regularly worked more than 40 hours per week but Defendants never paid him time and a half of his regular rate of pay or the minimum wage for hours worked in excess of 40 hours a week as required by Federal law.  29 U.S.C. §207(a).  CPT. 26-27.

20. As set forth in the Complaint, sometime in May, Mr. Bernal quit his employment because Defendants drastically reduced his hours in retaliation for Mr. Bernal's complaints about Defendants' wage hour violations, a reduction which Mr. Bernal reasonably believed would continue indefinitely.  Accordingly, Defendants constructively discharged Mr. Bernal under Federal and Arizona law.  CPT: 55-56. 113-115. In order to remedy the retaliation against him, Plaintiffs ask the Court to award Mr. Bernal $150 per day.

Exhibit  A:  Affidavit in Support of Motion for Default Judgment

21. Based on the above, Plaintiffs have calculated that Defendants owe Mr. Bernal remedies including back pay and liquidated damages as set forth in the tables below[6]:

## FLSA Unpaid Overtime Violations

| Year | Base Wages | Base Wages and Liquidated Damages (Base wages x 2) |
|---|---|---|
| 2016 | $2,351 | $4,702 |
| 2017 | $1,460 | $2,920 |
| 2018 | $79 | $158 |
| Total: | $3,890 | **$7,780** |

## Arizona Minimum Wage Act Minimum Wage Violation

| Year | Base Wages | With Liquidated Damages (base wages x 3) |
|---|---|---|
| 2016 | $2,096 | $6,288 |
| 2017 | $4,698 | $14,094 |
| 2018 | $971 | $2,913 |
| Total: | $7,765 | **$23,295** |

## Arizona Minimum Wage Act Retaliation Remedy

| Last Day of Work | Day El Rio Closed | Total Days | Total: |
|---|---|---|---|
| 5/18/18 | 10/4/18 | 139 | **$20,850** |

## Total Amount Owed

| All Claims | Base Overtime and Minimum Wage with Liquidated Damages | Retaliation Remedy |
|---|---|---|
| **$51,925** ($31,075 + $20,850) | $31,075 ($23,295 + $7,780) | $20,850 (150 x 139 days) |

---

[6] The estimate of Mr. Bernal's hours and calculations are attached hereto as Exhibit A4.

Exhibit A: Affidavit in Support of Motion for Default Judgment

*Jose Daniel Mendoza*

22. As alleged in the Complaint, Mr. Mendoza worked for Defendants from December 12, 2012 until late May 2018. CPT: 28. Mr. Mendoza does not recall his exact termination date. Therefore, we have estimated that he worked through the week of May 28, 2018, based on his best recollection.

23. From January 2, 2017, through the first week of January 2018, the Defendants paid Mr. Mendoza $9.50 per hour, $.50 less than Arizona minimum wage in 2017, and $1.00 less than Arizona minimum wage in 2018. CPT: 28.

24. Throughout his employment, Mr. Mendoza regularly worked more than 40 hours per week, but was never paid time and a half of his regular rate of pay or the minimum wage for hours worked in excess of 40 hours a week as required by Federal law. CPT: 29.

25. As set forth in the Complaint, sometime in May Mr. Mendoza quit his employment because Defendants drastically reduced his hours, in retaliation for Mr. Mendoza's complaints about Defendants' wage hour violations, a reduction Mr. Mendoza reasonably believed would continue indefinitely. CPT: 61-62. Accordingly, Defendant constructively discharged Mr. Mendoza under Federal and Arizona law. CPT: 58-63. In order to remedy the retaliation against him, Plaintiffs ask the Court to award Mr. Mendoza $150 per day.

26. Based on the above, Plaintiffs have calculated that Defendants owe Mr. Mendoza remedies including back pay and liquidated damages as set forth in the tables below[7] :

### FLSA Unpaid Overtime Violations

| Year | Base Wages | Base Wages with Liquidated Damages (Base wages x 2) |
|---|---|---|
| 2015 | $889 | $1,778 |
| 2016 | $1,297 | $2,594 |
| 2017 | $840 | $1,680 |
| 2018 | $462 | $924 |
| Total: | $3,488 | **$6,976** |

### Arizona Minimum Wage Act Minimum Wage Violations

| Year | Base Wages | Base Wages and Liquidated Damages (Base wages x 3) |
|---|---|---|
| 2017 | $1,110 | $3,330 |
| 2018 | $450 | $1,350 |
| Total: | $1,560 | **$4,680** |

### Arizona Minimum Wage Act Retaliation Remedy

| Last Day of Work | Day El Rio Closed | Total Days | Total |
|---|---|---|---|
| 6/3/18 | 10/4/18 | **123** | **$18,450** (123 x 150) |

### Total Amount Owed

| All Claims | Base Overtime and Minimum Wage with Liquidated Damages | Retaliation Remedy |
|---|---|---|
| **$30,106** ($11,656 + $18,450) | $11,656 ($4680 + $6976) | $18,450 |

---

[7] The estimate of Mr. Mendoza's hours and the calculations are attached hereto as Exhibit A5.

Exhibit A:  Affidavit in Support of Motion for Default Judgment

*Raquel Herrera*

27. As alleged in the Complaint, Ms. Herrera worked for Defendants from May 8, 2017 until September 22, 2017.  CPT: 31.

28. During her employment, Defendants paid her at a rate of $7.50 per hour, $2.50 less than the Arizona minimum wage.  CPT: 31.

29. Throughout her employment, Ms. Herrera on occasion worked more than 40 hours per week but was never paid time and a half of her regular rate of pay or the minimum wage for hours worked in excess of 40 hours a week as required by Federal law.  CPT: 32-33.

30. As alleged in the Complaint, since September 22, 2017, Defendants refused to schedule Ms. Herrera for work in retaliation for her complaints about Defendants' Federal and State wage hour violations.  CPT 39-48, 105-106.

31. Based on the above, Plaintiffs have calculated that Defendants owe Ms. Herrera remedies including back pay and liquidated damages as set forth in the tables below[8]:

**FLSA Unpaid Overtime violations**

| Year | Base Wages | Liquidated  Base Wages plus Liquidated Damages (Base wages x 2) |
|------|-----------|---------------------------------------------------------------|
| 2017 | $205 | $410 |
| Total: | $205 | **$410** |

---

[8] The estimate of Ms. Herrera's hours and calculations are attached hereto as Exhibit A6.

Exhibit  A:  Affidavit in Support of Motion for Default Judgment

### Arizona Minimum Wage Act Minimum Wage Violations

| Year | Base Wages | Base wages plus liquidated Damages (Base wages x 3) |
|---|---|---|
| 2017 | $1,972 | $5,916 |
| Total: | $1,972 | **$5,916** |

### Arizona Minimum Wage Act Retaliation Remedy

| Last Day of Work | Day El Rio Closed | Total Days | Total |
|---|---|---|---|
| 9/22/17 | 10/4/18 | **377** | **$56,550.00** |

### Total Amount Owed

| All Claims | Base Overtime and Minimum Wage with Liquidated Damages | Retaliation Remedy |
|---|---|---|
| **$62,876** ($6,326 + 56550) | $6,326 ($5,916 + 410) | $56,550 |

### Notice

By Federal Express on April 4, 2019, Plaintiffs will provide notice of this Motion for

Default Judgment and Request for Monetary Relief to Defendants' counsel as well as

to Carlos Guillermo Vargas Mendoza. Plaintiffs also will email ~~emailed~~ the notice to Counsel.

The notice included this Affidavit and attachments, the Motion for Default Judgment

and Request for Monetary Relief, the Memorandum in Support, and the Proposed

Orders.

/s/

Shefali Milczarek-Desai
Attorney for the Plaintiffs

County of Pima
State of Arizona

Subscribed and sworn (or affirmed) before me this ___3___ day of __April__ 2019 by

Shefali Milczarek-Desai
(Name of Signer)

Notary Republic

GLORIA Y KLINICKI
Notary Public - Arizona
Pima County
My Comm. Expires Jan 5, 2021

13 of 13



# EXHIBIT A1

THIS ORDER IS APPROVED.

**Dated: February 19, 2019**

*Benda Moody*

**Brenda Moody Whinery, Chief Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

IN RE:                                          )          CHAPTER 13 PROCEEDINGS
                                                )
CARLOS GUILLERMO VARGAS MENDOZA   )          CASE NO.: 18-bk-10932-BMW
GRISELDA VARGAS                                 )
                                                )
                                                )
                                                )
                         DEBTORS                )

### ORDER DISMISSING CASE FOR FAILURE
### TO CONFIRM CHAPTER 13 PLAN OF REORGANIZATION

The Trustee having notified the Bankruptcy Court, Debtors' Attorney and the Debtors of her intent to dismiss

the above-captioned case, the Court finds cause for dismissing the case pursuant to 11 U.S.C. Section 1307(c)(1)

as the Debtors have failed to provide the Trustee with:

**A Stipulated Order Confirming the Chapter 13 Plan.**

**NOW, THEREFORE, IT IS ORDERED:**

(A) This case is dismissed and the Bankruptcy Noticing Center will give notice of the dismissal to all

creditors,

(B) A motion to reinstate the case may be granted without a hearing if the Trustee approves the proposed

reinstatement order. If the Trustee does not approve the reinstatement of the case, the matter may

be set for hearing upon the Debtors' motion. The Court may set a hearing on the Debtors' motion to

reinstate on the request of an interested party who had joined the Trustee's request for dismissal;

(C) Pursuant to 28 U.S.C. 586 (e)(2), the Trustee shall be paid her percentage fee from all payments

received from the Debtors;

CASE NO.: 18-bk-10932-BMW

(D) After payment of the Trustee's percentage fee, the Trustee will retain the Debtors' funds pending

   Court approval of the payment of administrative expenses to the Debtors' attorney. If the Debtors'

   Chapter 13 Plan contains an Application for the Payment of Administrative Expenses to the Debtors'

   attorney and no party filed an objection to the Application, then the Debtors' attorney may lodge an

   Order approving the Application within ten days from the Court entering this Dismissal Order to file a

   separate fee application;

(E) If the Court has entered a payroll deduction order of the Debtors' wages, then such order is vacated.

---

## SIGNED AND DATED ABOVE

---

# EXHIBIT A2

NOTICE: This opinion is subject to formal revision before publication in the bound volumes of NLRB decisions. Readers are requested to notify the Executive Secretary, National Labor Relations Board, Washington, D.C. 20570, of any typographical or other formal errors so that corrections can be included in the bound volumes.

**El Rio Bakery, Inc. *and* Maria Teresa Tolano *and* Workers' Rights Clinic, James E. Rogers College of Law, University of Arizona.** Cases 28–CA–216755 and 28–CA–221086

February 28, 2019

DECISION AND ORDER

BY CHAIRMAN RING AND MEMBERS KAPLAN AND EMANUEL

The General Counsel seeks a default judgment in this case on the ground that the Respondent has failed to file an answer to the complaint. Upon a charge and an amended charge filed by Maria Teresa Tolano in Case 28–CA–216755 on March 16 and 19, 2018, respectively, and upon a charge, amended charge, and second amended charge filed by Workers' Rights Clinic, James E. Rogers College of Law, University of Arizona in Case 28–CA–221086 on May 29, June 13, and July 2, 2018, respectively, the General Counsel issued an Order Consolidating Cases and Consolidated Complaint on July 25, 2018 against El Rio Bakery, Inc. (the Respondent), alleging that it has violated Section 8(a)(4) and (1) of the Act. Although properly served copies of the charges and the consolidated complaint, the Respondent failed to file an answer.

On August 24, 2018, the General Counsel filed a Motion to Transfer and Continue Matter before the Board and Default Judgment.[1] On August 29, 2018, the Board issued an Order transferring the proceeding to the Board and a Notice to Show Cause why the motion should not be granted. The Respondent filed no response. The allegations in the motion are therefore undisputed.

The National Labor Relations Board has delegated its authority in this proceeding to a three-member panel.

Ruling on Motion for Default Judgment

Section 102.20 of the Board's Rules and Regulations provides that the allegations in a complaint shall be deemed admitted if an answer is not filed within 14 days from service of the complaint, unless good cause is shown. In addition, the consolidated complaint affirmatively states that an answer must be received on or before August 8, 2018, and that if no answer is filed, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the consolidated complaint are true. Further, the undisputed allegations in the General Counsel's

motion disclose that the Region, by letter dated August 9, 2018, notified the Respondent that unless an answer was received by August 16, 2018, a motion for default judgment would be filed. No answer or request for an extension of time to file an answer was received by that date.

In the absence of good cause for the lack of a timely answer, we deem the allegations in the consolidated complaint to be admitted as true, and we grant the General Counsel's Motion for Default Judgment.

On the entire record, the Board makes the following

FINDINGS OF FACT

I. JURISDICTION

At all material times, the Respondent has been a corporation with a facility located in Tucson, Arizona, and has been has engaged in the retail and nonretail sale of baked goods. The nonretail business operations of the Respondent are more than de minimis.

During the 12-month period ending March 16, 2018, the Respondent, in conducting its business operations described above, purchased and received goods valued in excess of $50,000 at its Tucson, Arizona facility directly from points outside the State of Arizona and from other enterprises, including Mendez Tortilla, located within the State of Arizona, each of which had received the goods directly from points outside the State of Arizona.

During the same 12-month period, the Respondent purchased and received at its Tucson, Arizona facility goods valued in excess of $5000 directly from points outside the State of Arizona and from other enterprises, including Mendez Tortilla, located within the State of Arizona, each of which had received the goods directly from points outside the State of Arizona.

During the same 12-month period, the Respondent, in conducting its operations described above, derived gross revenues in excess of $500,000.

We find that the Respondent is an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

II. ALLEGED UNFAIR LABOR PRACTICES

At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of the Respondent within the meaning of Section 2(11) of the Act and agents of the Respondent within the meaning of Section 2(13) of the Act:

Carlos Guillermo Vargas Mendoza - Owner

Griselda Vargas – Owner

---

[1] On October 17, 2018, the General Counsel filed a correction to his motion. The correction does not affect our disposition of the case.

The following events occurred, giving rise to these proceedings.

1(a)  Between May 2017 and September 2017, the Respondent's employee Raquel Herrera Lopez (Lopez) engaged in concerted activities with other employees for the purpose of mutual aid and protection and concertedly complained to the Respondent regarding the wages, hours, and working conditions of the Respondent's employees by raising concerns to other employees, and to the Respondent on behalf of herself and other employees, about employees not being paid minimum wage.

(b)  Between September 2017 and February 2018, the Respondent's employee Maria Teresa Tolano (Tolano) engaged in concerted activities with other employees for the purpose of mutual aid and protection and concertedly complained to the Respondent regarding the wages, hours, and working conditions of the Respondent's employees by raising concerns to other employees, and to the Respondent on behalf of herself and other employees, about employees not being paid minimum wage.

(c)  Between September 2017 and May 2018, the Respondent's employees Javier Ponce (Ponce) and Jose Daniel Mendoza (Mendoza) engaged in concerted activities with other employees for the purposes of mutual aid and protection and concertedly complained to the Respondent regarding the wages, hours, and working conditions of the Respondent's employees by raising concerns to other employees, and to the Respondent on behalf of themselves and other employees, about employees not being paid minimum wage.

(d)  On about September 22, 2017, the Respondent, by Carlos Guillermo Vargas Mendoza, at the Respondent's facility, by referring to employees' protected concerted activities without disclosing how it knew of those activities, created an impression among its employees that their protected concerted activities were under surveillance by the Respondent.

(e)  On about September 24, 2018, the Respondent discharged its employee Lopez.[2]

(f)  On about February 18, 2018, the Respondent discharged its employee Tolano.

(g)  On about February 20, 2018, the Respondent required its employee Ponce to complete a new job application.

(h)  On about February 21, 2018, the Respondent required its employee Mendoza to complete a new job application.

(i)  On about May 2018, the Respondent assigned employees Javier Ponce and Jose Daniel Mendoza reduced

hours of work and thereby caused the discharge of Ponce on about May 2018 and of Mendoza on about June 2018.

2(a)  The Respondent engaged in the conduct described above in paragraphs 1(e) through (i) because its employees Lopez, Tolano, Ponce, and Mendoza engaged in the conduct described above in paragraphs 1(a) through (c), respectively, and to discourage employees from engaging in these or other concerted activities.

(b)  The Respondent engaged in the conduct described above in paragraphs 1(i) because Ponce and Mendoza cooperated in a Board investigation in Case 28–CA–216755.

CONCLUSIONS OF LAW

By the conduct described above in paragraph 2(a), the Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

By the conduct described above in paragraph 2(b), the Respondent has been discriminating against employees for filing charges or giving testimony under the Act in violation of Section 8(a)(4) and (1) of the Act.

The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

REMEDY

Having found that the Respondent has engaged in certain unfair labor practices, we shall order it to cease and desist and to take certain affirmative action designed to effectuate the policies of the Act.  Specifically, having found that the Respondent violated Section 8(a)(1) by discharging employees Lopez, Tolano, Ponce, and Mendoza for engaging in protected concerted activity, and violated Section 8(a)(4) and (1) by discharging and/or constructively discharging employees Ponce and Mendoza for engaging in protected concerted activities and for cooperating in a Board investigation, we shall order the Respondent to reinstate these employees and make them whole for any loss of earnings and other benefits suffered as a result of the unlawful discrimination against them.  Backpay shall be computed in accordance with *F. W. Woolworth Co.*, 90 NLRB 289 (1950), with interest at the rate prescribed in *New Horizons*, 283 NLRB 1173 (1987), compounded daily as prescribed in *Kentucky River Medical Center*, 356 NLRB 6 (2010).

In accordance with our decision in *King Soopers, Inc.*, 364 NLRB No. 93 (2016), enfd. in relevant part 859 F.3d 23 (D.C. Cir. 2017), we shall also order the Respondent to compensate the employees for their search-for-work and

---

[2]  The complaint states that the Respondent discharged "its employee Herrera" on September 24.  Because the complaint does not otherwise refer to an employee Herrera, we find that this allegation refers to employee Raquel Herrera Lopez.

interim employment expenses regardless of whether those expenses exceed interim earnings.  Search-for-work and interim employment expenses shall be calculated separately from taxable net backpay, with interest at the rate prescribed in *New Horizons*, supra, compounded daily as prescribed in *Kentucky River Medical Center*, supra.[3]

Having found that the Respondent unlawfully reduced the hours worked by Ponce and Mendoza, we shall order the Respondent to make them whole for any losses suffered as a result of the reduction in their hours in the manner set forth in *Ogle Protection Service*, 183 NLRB 682 (1970), enfd. 444 F.2d 502 (6th Cir. 1971), with interest at the rate prescribed in *New Horizons*, supra, compounded daily as prescribed in *Kentucky River Medical Center*, supra.

In addition, we shall order the Respondent to compensate the named employees for any adverse tax consequences of receiving a lump-sum backpay award and to file a report with the Regional Director for Region 28 allocating the backpay award to the appropriate calendar years.  *AdvoServ of New Jersey, Inc.*, 363 NLRB No. 143 (2016).

The Respondent shall also be required to remove from its files any reference to the unlawful discharges of Lopez, Tolano, Ponce, and Mendoza and to notify them in writing that this has been done and that the unlawful discharges will not be used against them in any way.

### ORDER

The National Labor Relations Board orders that the Respondent, El Rio Bakery, Inc., Tucson, Arizona, its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Creating the impression that it is engaged in surveillance of its employees' protected concerted activities.

(b) Reducing its employees' work hours, discharging, or constructively discharging its employees because they engage in protected concerted activities.

(c) Reducing its employees' work hours, discharging and/or constructively discharging, or otherwise discriminating against its employees because they cooperate in a Board investigation.

(d) Requiring that employees complete new job applications because they engage in protected concerted activity.

(f) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Within 14 days from the date of this Order, offer Maria Teresa Tolano, Rebecca Herrera Lopez, Javier Ponce, and Jose Daniel Mendoza full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed.

(b) Make Maria Teresa Tolano, Rebecca Herrera Lopez, Javier Ponce, and Jose Daniel Mendoza whole for any loss of earnings and other benefits suffered as a result of the discrimination against them in the manner set forth in the remedy section of this Decision and Order.

(c) Make Javier Ponce and Jose Daniel Mendoza whole for any loss of earnings and other benefits suffered as a result of the unlawful reduction of their work hours in the manner set forth in the remedy section of this Decision and Order.

(d) Compensate Maria Teresa Tolano, Rebecca Herrera Lopez, Javier Ponce, and Jose Daniel Mendoza for the adverse tax consequences, if any, of receiving lump-sum backpay awards, and file with the Regional Director for Region 28, within 21 days of the date the amount of backpay is fixed, either by agreement or Board order, a report allocating the backpay awards to the appropriate calendar years.

(e) Within 14 days from the date of this Order, remove from its files any reference to the unlawful discharges and/or constructive discharges, and within 3 days thereafter notify Maria Teresa Tolano, Rebecca Herrera Lopez, Javier Ponce, and Jose Daniel Mendoza in writing that this has been done and that their discharges and/or constructive discharges will not be used against them in any way.

(f) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

(g) Within 14 days after service by the Region, post at its facility in Tucson, Arizona, copies of the attached notice marked "Appendix."[4]  Copies of the notice, on forms provided by the Regional Director for Region 28, after

---

[3] The General Counsel additionally seeks a make-whole remedy that includes reasonable consequential damages incurred as a result of the Respondent's unfair labor practices. This issue, which was not briefed, would involve a change in Board law. We are not prepared at this time to deviate from our current remedial practice. Accordingly, we decline

to order this relief at this time.  See, e.g., *Laborers' International Union of North America, Local Union No. 91 (Council of Utility Contractors, Inc.)*, 365 NLRB No. 28, slip op. at 1 fn. 2 (2017).

[4] If this Order is enforced by a judgment of a United States court of appeals, the words in the notice reading "Posted by Order of the National

4                    DECISIONS OF THE NATIONAL LABOR RELATIONS BOARD

being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. If the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since September 22, 2017.

(h) Within 21 days after service by the Region, file with the Regional Director for Region 28 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

Dated, Washington, D.C.   February 28, 2019

| John F. Ring, | Chairman |

| Marvin E. Kaplan, | Member |

| William J. Emanuel, | Member |

(SEAL)          NATIONAL LABOR RELATIONS BOARD

## APPENDIX

NOTICE TO EMPLOYEES
POSTED BY ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

Labor Relations Board" shall read "Posted Pursuant to a Judgment of the United States Court of Appeals Enforcing an Order of the National Labor Relations Board."

FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities.

WE WILL NOT create the impression that we are engaged in surveillance of your protected concerted activities.

WE WILL NOT reduce the work hours, discharge, or constructively discharge any employee for engaging in protected concerted activities.

WE WILL NOT reduce the work hours, discharge, or constructively discharge, or otherwise discriminate against any of you for cooperating in a National Labor Relations Board investigation or for filing a charge with the National Labor Relations Board.

WE WILL NOT require you to complete a new job application because you engage in protected concerted activity.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

WE WILL, within 14 days from the date of the Board's Order, offer Maria Teresa Tolano, Rebecca Herrera Lopez, Javier Ponce, and Jose Daniel Mendoza full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed.

WE WILL make Maria Teresa Tolano, Rebecca Herrera Lopez, Javier Ponce, and Jose Daniel Mendoza whole for any loss of earnings and other benefits suffered as a result of the discrimination against them, less any net interim earnings, plus interest, and WE WILL also make those employees whole for reasonable search-for-work and interim employment expenses, plus interest.

WE WILL make Javier Ponce and Jose Daniel Mendoza whole for any loss of earnings and other benefits suffered as a result of our unlawful reduction in their hours of work, plus interest.

WE WILL compensate Maria Teresa Tolano, Rebecca Herrera Lopez, Javier Ponce, and Jose Daniel Mendoza for the adverse tax consequences, if any, of receiving lump-sum backpay awards, and WE WILL file with the Regional Director for Region 28, within 21 days of the date the amount of backpay is fixed, either by agreement or

Board order, a report allocating the backpay awards to the appropriate calendar years.

WE WILL, within 14 days from the date of the Board's Order, remove from our files any reference to the unlawful discharges and/or constructive discharges of Maria Teresa Tolano, Rebecca Herrera Lopez, Javier Ponce, and Jose Daniel Mendoza, and WE WILL, within 3 days thereafter, notify each of them in writing that this has been done and that the discharges and/or constructive discharges will not be used against them in any way.

EL RIO BAKERY, INC.

The Board's decision can be found at www.nlrb.gov/case/28-CA-216755 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1015 Half Street, S.E., Washington, D.C. 20570, or by calling (202) 273-1940.



# EXHIBIT A3

Maria Tolano:  Hours and Calculations

| Maria Tolano Hours 2015 | | | |
|---|---|---|---|
| Date | Hours Worked | Hours w/o OT | OT Hours |
| 7/6/2015 | 40 | 40 | 0 |
| 7/13/2015 | 42 | 40 | 2 |
| 7/20/2015 | 44 | 40 | 4 |
| 7/27/2015 | 44 | 40 | 4 |
| 8/3/2015 | 44 | 40 | 4 |
| 8/10/2015 | 43 | 40 | 3 |
| 8/17/2015 | 44 | 40 | 4 |
| 8/24/2015 | 40 | 40 | 0 |
| 8/31/2015 | 42 | 40 | 2 |
| 9/7/2015 | 44 | 40 | 4 |
| 9/14/2015 | 44 | 40 | 4 |
| 9/21/2015 | 44 | 40 | 4 |
| 9/28/2015 | 44 | 40 | 4 |
| 10/5/2015 | 44 | 40 | 4 |
| 10/12/2015 | 44 | 40 | 4 |
| 10/19/2015 | 43 | 40 | 3 |
| 10/26/2015 | 44 | 40 | 4 |
| 11/2/2015 | 50 | 40 | 10 |
| 11/9/2015 | 43 | 40 | 3 |
| 11/16/2015 | 44 | 40 | 4 |
| 11/23/2015 | 44 | 40 | 4 |
| 11/30/2015 | 40 | 40 | 0 |
| 12/7/2015 | 46 | 40 | 6 |

Maria Tolano:  Hours and Calculations

| 12/14/2015 | 51 | 40 | 11 |
|---|---|---|---|
| 12/21/2015 | 53 | 40 | 13 |
| 12/28/2015 | 48 | 40 | 8 |
| **Total (Hours)** | 1153 | 1040 | 113 |

| **Minimum Wage** | $8.05 |
|---|---|
| Actual Hourly Wage | $8.25 |
| Total Unpaid Minimum Wage | No Minimum wage liability |

| **Overtime** | |
|---|---|
| Actual rate paid for hours over 40 | $8.25 |
| Total Actual payment for hours over  40 | $8.25 X 113 = $932 |
| Overtime rate | $12.37 |
| Total pay with overtime premium rate | $12.37 X 113 =$1,398 |
| Total unpaid overtime | $1398 – $932 = $466 |

| **Total Unpaid Wages 2015** | $466 |
|---|---|

| Total Unpaid Wages with Liquidated Damages | $466 X 2 =$932 |
|---|---|

Maria Tolano: Hours and Calculations

| Maria Tolano Hours 2016 | | | |
|---|---|---|---|
| Date | Hours Worked | Hours w/o OT | OT Hours |
| 1/4/2016 | 44 | 40 | 4 |
| 1/11/2016 | 45 | 40 | 5 |
| 1/18/2016 | 48 | 40 | 8 |
| 1/25/2016 | 38 | 38 | 0 |
| 2/1/2016 | 44 | 40 | 4 |
| 2/8/2016 | 44 | 40 | 4 |
| 2/15/2016 | 44 | 40 | 4 |
| 2/22/2016 | 41 | 40 | 1 |
| 2/29/2016 | 41 | 40 | 1 |
| 3/7/2016 | 44 | 40 | 4 |
| 3/14/2016 | 44 | 40 | 4 |
| 3/21/2016 | 46 | 40 | 6 |
| 3/28/2016 | 43 | 40 | 3 |
| 4/4/2016 | 44 | 40 | 4 |
| 4/11/2016 | 40 | 40 | 0 |
| 4/18/2016 | 44 | 40 | 4 |
| 4/25/2016 | 44 | 40 | 4 |
| 5/2/2016 | 44 | 40 | 4 |
| 5/9/2016 | 46 | 40 | 6 |
| 5/16/2016 | 43 | 40 | 3 |
| 5/23/2016 | 44 | 40 | 4 |
| 5/30/2016 | 44 | 40 | 4 |
| 6/6/2016 | 44 | 40 | 4 |

Maria Tolano:  Hours and Calculations

| | | | |
|---|---|---|---|
| 6/13/2016 | 44 | 40 | 4 |
| 6/20/2016 | 44 | 40 | 4 |
| 6/27/2016 | 44 | 40 | 4 |
| 7/4/2016 | 45 | 40 | 5 |
| 7/11/2016 | 48 | 40 | 8 |
| 7/18/2016 | 43 | 40 | 3 |
| 7/25/2016 | 44 | 40 | 4 |
| 8/1/2016 | 38 | 38 | 0 |
| 8/8/2016 | 36 | 36 | 0 |
| 8/15/2016 | 39 | 39 | 0 |
| 8/22/2016 | 44 | 40 | 4 |
| 8/29/2016 | 44 | 40 | 4 |
| 9/5/2016 | 44 | 40 | 4 |
| 9/12/2016 | 46 | 40 | 6 |
| 9/19/2016 | 44 | 40 | 4 |
| 9/26/2016 | 44 | 40 | 4 |
| 10/3/2016 | 42 | 40 | 2 |
| 10/10/2016 | 44 | 40 | 4 |
| 10/17/2016 | 44 | 40 | 4 |
| 10/24/2016 | 44 | 40 | 4 |
| 10/31/2016 | 44 | 40 | 4 |
| 11/7/2016 | 45 | 40 | 5 |
| 11/14/2016 | 44 | 40 | 4 |
| 11/21/2016 | 44 | 40 | 4 |
| 11/28/2016 | 46 | 40 | 6 |
| 12/5/2016 | 50 | 40 | 10 |
| 12/12/2016 | 53 | 40 | 13 |
| 12/19/2016 | 58 | 40 | 18 |
| 12/26/2016 | 46 | 40 | 6 |
| **Total (Hours)** | 2298 | 2071 | 227 |

4

Maria Tolano: Hours and Calculations

| Dates | Total Hours | Regular Hours | OT Hours |
|-------|-------------|---------------|----------|
| 1/4 - 5/30 | 959 | 878 | 81 |
| 6/6 – 12/26 | 1339 | 1193 | 146 |

| **Minimum Wage** | $8.05 |
|------------------|-------|
| Actual Hourly Wage | $8.25  for  959 hours + $8.50  for  1339 hours |
| Total Unpaid Minimum Wage | No minimum wage violation |

| **Overtime** | |
|--------------|--|
| Actual rate paid for hours over 40 | $8.25 for 81 hours ; $8.50 for 146 hours |
| Total Actual payment for hours over  40 | ($8.25 X 81) + ($8.50 X 146) = $1,909 |
| Overtime rate | $12.37  for 81 hours; 12.75 for 146 hours |
| Total pay with overtime premium rate | (12.37 X 81) + (12.75 X 146) = $2863 |
| Total unpaid overtime | $2863 - $1909 =  $954 |

| **Total Unpaid Wages 2016** | $954 |
|-----------------------------|------|

Maria Tolano:  Hours and Calculations

| Maria Tolano Hours 2017 | | | |
|---|---|---|---|
| Date | Hours Worked | Hours w/o OT | OT Hours |
| 1/2/2017 | 45 | 40 | 5 |
| 1/9/2017 | 52 | 40 | 12 |
| 1/16/2017 | 50 | 40 | 10 |
| 1/23/2017 | 48 | 40 | 8 |
| 1/30/2017 | 44 | 40 | 4 |
| 2/6/2017 | 44 | 40 | 4 |
| 2/13/2017 | 48 | 40 | 8 |
| 2/20/2017 | 52 | 40 | 12 |
| 2/27/2017 | 51 | 40 | 11 |
| 3/6/2017 | 48 | 40 | 8 |
| 3/13/2017 | 44 | 40 | 4 |
| 3/20/2017 | 42 | 40 | 2 |
| 3/27/2017 | 43 | 40 | 3 |
| 4/3/2017 | 40 | 40 | 0 |
| 4/10/2017 | 41 | 40 | 1 |
| 4/17/2017 | 38 | 38 | 0 |
| 4/24/2017 | 36 | 36 | 0 |
| 5/1/2017 | 48 | 40 | 8 |
| 5/8/2017 | 42 | 40 | 2 |
| 5/15/2017 | 44 | 40 | 4 |
| 5/22/2017 | 46 | 40 | 6 |
| 5/29/2017 | 44 | 40 | 4 |
| 6/5/2017 | 44 | 40 | 4 |

6

Maria Tolano:  Hours and Calculations

| | | | |
|---|---|---|---|
| 6/12/2017 | 45 | 40 | 5 |
| 6/19/2017 | 43 | 40 | 3 |
| 6/26/2017 | 44 | 40 | 4 |
| 7/3/2017 | 44 | 40 | 4 |
| 7/10/2017 | 45 | 40 | 5 |
| 7/17/2017 | 48 | 40 | 8 |
| 7/24/2017 | 42 | 40 | 2 |
| 7/31/2017 | 44 | 40 | 4 |
| 8/7/2017 | 44 | 40 | 4 |
| 8/14/2017 | 44 | 40 | 4 |
| 8/21/2017 | 48 | 40 | 8 |
| 8/28/2017 | 51 | 40 | 11 |
| 9/4/2017 | 52 | 40 | 12 |
| 9/11/2017 | 48 | 40 | 8 |
| 9/18/2017 | 47 | 40 | 7 |
| 9/25/2017 | 50 | 40 | 10 |
| 10/2/2017 | 42 | 40 | 2 |
| 10/9/2017 | 49 | 40 | 9 |
| 10/16/2017 | 47 | 40 | 7 |
| 10/23/2017 | 48 | 40 | 8 |
| 10/30/2017 | 47 | 40 | 7 |
| 11/6/2017 | 48 | 40 | 8 |
| 11/13/2017 | 49 | 40 | 9 |
| 11/20/2017 | 45 | 40 | 5 |
| 11/27/2017 | 48 | 40 | 8 |
| 12/4/2017 | 48 | 40 | 8 |
| 12/11/2017 | 45 | 40 | 5 |
| 12/18/2017 | 51 | 40 | 11 |
| 12/25/2017 | 49 | 40 | 9 |
| **Total (Hours)** | 2,389 | 2,074 | 315 |

Maria Tolano:  Hours and Calculations

| Minimum Wage | $10.00 |
|---|---|
| Actual Hourly Wage | $8.50 |
| Total Pay at minimum wage | $10 X 2389 = $23,890 |
| Total actually paid | $8.50 X 2389 = $20,306 |
| Total Unpaid Minimum Wage | $23,890-$20,306 =$3,584 |

| Overtime | |
|---|---|
| Actual rate paid for hours over 40 | $8.50 |
| Unpaid portion of overtime rate | $5 |
| Total Unpaid Overtime | $5 X 315 (hours) =$1,575 |

| Total Unpaid Wages 2017 | $3,584 + $1575 = $5159 |
|---|---|
| Total unpaid min wage with liquidated damages | $3,584 X 3 = 10,752 |
| Total unpaid overtime with liquidated damages | $1575 X 2 = $3,150 |
| Total unpaid wages with liquidated damages | $10,752 + $3,150 = $13,902 |

Maria Tolano:  Hours and Calculations

| Maria Tolano Hours 2018 | | | |
|---|---|---|---|
| Date | Hours Worked | Hours w/o OT | OT Hours |
| 1/1/2018 | 45 | 40 | 5 |
| 1/8/2018 | 40 | 40 | 0 |
| 1/15/2018 | 41 | 40 | 1 |
| 1/22/2018 | 44 | 40 | 4 |
| 1/29/2018 | 43 | 40 | 3 |
| 2/5/2018 | 43 | 40 | 3 |
| 2/12/2018 | 43 | 40 | 3 |
| 2/19/2018 | 0 | 0 | 0 |
| **Total (Hours)** | 299 | 280 | 19 |
| | | | |
| Hourly Wages | $8.50/hr | 1/1 - 1/7 | |
| | $9.50/hr | 1/8 - 2/19 | |

9

Maria Tolano:  Hours and Calculations

| | |
|---|---|
| **Minimum Wage** | $10.50 |
| Actual Hourly Wage | $8.50 for 40 hours; $9.50 for 240 hours |
| Total pay at minimum wage | $10.50 X 299 = $3,139 |
| Total actually paid | ($8.50 X 45) + ($9.50 X 254) = $2795 |
| Total Unpaid Minimum Wage | $3,138 - $2795 = $343 |
| **Overtime** | |
| Unpaid portion of overtime rate | $5.25 |
| Total unpaid overtime | 19 X $5.25 =$100 |
| **Total Unpaid Wages 2018** | $100 + $ 343= $443 |
| **Total unpaid min wage with liquidated damages** | $343 X 3 = $1,029 |
| **Total unpaid overtime with liquidated damages** | $100 X 2 = $200 |
| **Total unpaid wages with liquidated damages** | $1,029 + $200 = $1,229 |

# EXHIBIT A4

Francisco Javier Ponce Bernal:  Hours & Calculations

| Javier Bernal Hours 2016 | | | |
|---|---|---|---|
| Date | Hours Worked | Hours w/o OT | OT Hours |
| 1/4/2016 | 0 | 0 | 0 |
| 1/11/2016 | 36 | 36 | 0 |
| 1/18/2016 | 46 | 40 | 6 |
| 1/25/2016 | 50 | 40 | 10 |
| 2/1/2016 | 52 | 40 | 12 |
| 2/8/2016 | 54 | 40 | 14 |
| 2/15/2016 | 50 | 40 | 10 |
| 2/22/2016 | 48 | 40 | 8 |
| 2/29/2016 | 49 | 40 | 9 |
| 3/7/2016 | 54 | 40 | 14 |
| 3/14/2016 | 48 | 40 | 8 |
| 3/21/2016 | 50 | 40 | 10 |
| 3/28/2016 | 46 | 40 | 6 |
| 4/4/2016 | 54 | 40 | 14 |
| 4/11/2016 | 46 | 40 | 6 |
| 4/18/2016 | 49 | 40 | 9 |
| 4/25/2016 | 54 | 40 | 14 |
| 5/2/2016 | 52 | 40 | 12 |
| 5/9/2016 | 50 | 40 | 10 |
| 5/16/2016 | 54 | 40 | 14 |
| 5/23/2016 | 48 | 40 | 8 |
| 5/30/2016 | 54 | 40 | 14 |
| 6/6/2016 | 48 | 40 | 8 |
| 6/13/2016 | 50 | 40 | 10 |
| 6/20/2016 | 53 | 40 | 13 |
| 6/27/2016 | 47 | 40 | 7 |
| 7/4/2016 | 51 | 40 | 11 |
| 7/11/2016 | 54 | 40 | 14 |
| 7/18/2016 | 48 | 40 | 8 |
| 7/25/2016 | 52 | 40 | 12 |
| 8/1/2016 | 50 | 40 | 10 |
| 8/8/2016 | 48 | 40 | 8 |

Francisco Javier Ponce Bernal:  Hours & Calculations

| 8/15/2016 | 54 | 40 | 14 |
|---|---|---|---|
| 8/22/2016 | 52 | 40 | 12 |
| 8/29/2016 | 54 | 40 | 14 |
| 9/5/2016 | 50 | 40 | 10 |
| 9/12/2016 | 48 | 40 | 8 |
| 9/19/2016 | 52 | 40 | 12 |
| 9/26/2016 | 53 | 40 | 13 |
| 10/3/2016 | 48 | 40 | 8 |
| 10/10/2016 | 54 | 40 | 14 |
| 10/17/2016 | 52 | 40 | 12 |
| 10/24/2016 | 50 | 40 | 10 |
| 10/31/2016 | 50 | 40 | 10 |
| 11/7/2016 | 48 | 40 | 8 |
| 11/14/2016 | 51 | 40 | 11 |
| 11/21/2016 | 54 | 40 | 14 |
| 11/28/2016 | 58 | 40 | 18 |
| 12/5/2016 | 60 | 40 | 20 |
| 12/12/2016 | 63 | 40 | 23 |
| 12/19/2016 | 62 | 40 | 22 |
| 12/26/2016 | 62 | 40 | 22 |
| **Total (Hours)** | 2620 | 2,036 | 584 |

| Minimum Wage | $8.05 |
|---|---|
| Actual hourly wage | $7.25 |
| Total pay at minimum wage | $8.05 X 2620 hours=$21,091 |
| Total actually paid | $7.25 X 2620 hours=$18,995 |
| Total unpaid minimum wage | $21,091-$18,995= $2,096 |
| **Overtime** | |
| Unpaid portion of overtime rate | $4.025 |
| Total unpaid overtime | $4.025 x 584 overtime hours=2,351 |
| **Total Unpaid Wages 2016** | $2,351 +$2,096= $4,447 |
| Unpaid minimum wage with liquidated damages | $2096 X 3 = $6288 |
| Unpaid Overtime with Liquidated Damages | $2,351 X 2 = $4,702 |
| Total unpaid wages with liquidated damages | $6,288 + $4,702 = $10,990 |

Francisco Javier Ponce Bernal:  Hours & Calculations

| Javier Bernal Hours 2017 | | | |
|---|---|---|---|
| Date | Hours Worked | Hours w/o OT | OT Hours |
| 1/2/2017 | 56 | 40 | 16 |
| 1/9/2017 | 54 | 40 | 14 |
| 1/16/2017 | 58 | 40 | 18 |
| 1/23/2017 | 53 | 40 | 13 |
| 1/30/2017 | 50 | 40 | 10 |
| 2/6/2017 | 52 | 40 | 12 |
| 2/13/2017 | 48 | 40 | 8 |
| 2/20/2017 | 52 | 40 | 12 |
| 2/27/2017 | 49 | 40 | 9 |
| 3/6/2017 | 52 | 40 | 12 |
| 3/13/2017 | 48 | 40 | 8 |
| 3/20/2017 | 53 | 40 | 13 |
| 3/27/2017 | 54 | 40 | 14 |
| 4/3/2017 | 50 | 40 | 10 |
| 4/10/2017 | 53 | 40 | 13 |
| 4/17/2017 | 52 | 40 | 12 |
| 4/24/2017 | 50 | 40 | 10 |
| 5/1/2017 | 48 | 40 | 8 |
| 5/8/2017 | 46 | 40 | 6 |
| 5/15/2017 | 43 | 40 | 3 |
| 5/22/2017 | 41 | 40 | 1 |
| 5/29/2017 | 40 | 40 | 0 |
| 6/5/2017 | 43 | 40 | 3 |
| 6/12/2017 | 41 | 40 | 1 |
| 6/19/2017 | 40 | 40 | 0 |
| 6/26/2017 | 38 | 38 | 0 |
| 7/3/2017 | 40 | 40 | 0 |
| 7/10/2017 | 42 | 40 | 2 |
| 7/17/2017 | 43 | 40 | 3 |
| 7/24/2017 | 40 | 40 | 0 |
| 7/31/2017 | 42 | 40 | 2 |
| 8/7/2017 | 44 | 40 | 4 |

Francisco Javier Ponce Bernal:  Hours & Calculations

| | | | |
|---|---|---|---|
| 8/7/2017 | 44 | 40 | 4 |
| 8/14/2017 | 40 | 40 | 0 |
| 8/21/2017 | 38 | 38 | 0 |
| 8/28/2017 | 40 | 40 | 0 |
| 9/4/2017 | 47 | 40 | 7 |
| 9/11/2017 | 46 | 40 | 6 |
| 9/18/2017 | 48 | 40 | 8 |
| 9/25/2017 | 47 | 40 | 7 |
| 10/2/2017 | 42 | 40 | 2 |
| 10/9/2017 | 45.8 | 40 | 5.8 |
| 10/16/2017 | 42.58 | 40 | 2.58 |
| 10/23/2017 | 36.92 | 36.92 | 0 |
| 10/30/2017 | 38 | 38 | 0 |
| 11/6/2017 | 47.25 | 40 | 7.25 |
| 11/13/2017 | 47.25 | 40 | 7.25 |
| 11/20/2017 | 38 | 38 | 0 |
| 11/27/2017 | 40 | 40 | 0 |
| 12/4/2017 | 37 | 37 | 0 |
| 12/11/2017 | 36 | 36 | 0 |
| 12/18/2017 | 35 | 35 | 0 |
| 12/25/2017 | 42 | 49 | 2 |
| **Total Hours** | 2,349 | 2,056 | 292 |

| | |
|---|---|
| **Minimum Wage** | $10.00 |
| Actual Hourly Wage | $8.00 |
| Total pay at Minimum Wage | $10.00 X 2349  hours = $23,490 |
| Total actually paid | $8 X 2,349 hours= $18,792 |
| Total unpaid minimum wage | $23,490-18,792= $4,698 |

| | |
|---|---|
| **Overtime** | |
| Unpaid Premium Overtime Rate | $5 |
| Unpaid Overtime | $5 X 292 overtime hours= $1,460 |

| | |
|---|---|
| **Total unpaid wages 2017** | $1,460 +$4,698=$6,158 |
| Unpaid min wage with liquidated damages | $4,698 X 3  = $14,094 |
| Unpaid overtime with liquidated damages | $1,460 X 2 =  $2,920 |
| Total unpaid wages and liquidated damages | $14,094 + $2,920 = $17,014 |

Francisco Javier Ponce Bernal:  Hours & Calculations

| Javier Bernal Hours 2018 | | | |
|---|---|---|---|
| Date | Hours Worked | Hours w/o OT | OT Hours |
| 1/1/2018 | 45 | 40 | 5 |
| 1/8/2018 | 47 | 40 | 7 |
| 1/15/2018 | 41 | 40 | 1 |
| 1/22/2018 | 38 | 38 | 0 |
| 1/29/2018 | 36 | 36 | 0 |
| 2/5/2018 | 28 | 28 | 0 |
| 2/12/2018 | 39 | 39 | 0 |
| 2/19/2018 | 42 | 40 | 2 |
| 2/26/2018 | 40 | 40 | |
| 3/5/2018 | 40 | 40 | |
| 3/12/2018 | 40 | 40 | |
| 3/19/2018 | 40 | 40 | |
| 3/26/2018 | 40 | 40 | |
| 4/2/2018 | 40 | 40 | |
| 4/9/2018 | 40 | 40 | |
| 4/16/2018 | 40 | 40 | |
| 4/23/2018 | 40 | 40 | |
| 4/30/2018 | 40 | 40 | |
| 5/7/2018 | 16 | 16 | |
| Total (Hours) | 732 | 717 | 15 |
| 1/1 - 1/7 | 45 | 40 | 5 |
| 1/8 - 5/7/18 | 687 | 677 | 10 |

| Minimum Wage | $10.50 |
|---|---|
| Actual Hourly Wage | $8.00 (45 hours)  $9.25 (687 hours) |
| Total Pay Required hours up to 40 | $10.50 X 732 = $7,686 |
| Total Actually Paid | $8.00 X 45 + $9.25 X 687 =$6,715 |
| Total Unpaid Minimum Wage | $7,686 -$6,715 = $971 |

| Overtime | |
|---|---|
| Unpaid premium overtime rate | $5.25 |
| Unpaid overtime | $5.25 X 15 overtime hours = $79 |

Francisco Javier Ponce Bernal:  Hours & Calculations

| **Total Unpaid Wages 2018** | $79 + $971 = $1,050 |
|---|---|
| Unpaid min wage with liquidated damages | $971 X 3 = $2,913 |
| Unpaid overtime with liquidated damages | $79 X 2 = $158 |
| All unpaid wages  and liquidated damages | $158 + $ 2,913 = $3,071 |

# EXHIBIT A5

Jose Daniel Mendoza: Hours and Calculations

| Jose Daniel Mendoza Hours 2015 | | | |
|---|---|---|---|
| Date | Hours Worked | Hours w/o OT | OT Hours |
| 7/6/2015 | 43 | 40 | 3 |
| 7/13/2015 | 42 | 40 | 2 |
| 7/20/2015 | 44 | 40 | 4 |
| 7/27/2015 | 43 | 40 | 3 |
| 8/3/2015 | 45 | 40 | 5 |
| 8/10/2015 | 45 | 40 | 5 |
| 8/17/2015 | 48 | 40 | 8 |
| 8/24/2015 | 43 | 40 | 3 |
| 8/31/2015 | 45 | 40 | 5 |
| 9/7/2015 | 45 | 40 | 5 |
| 9/14/2015 | 43 | 40 | 3 |
| 9/21/2015 | 48 | 40 | 8 |
| 9/28/2015 | 47 | 40 | 7 |
| 10/5/2015 | 46 | 40 | 6 |
| 10/12/2015 | 47 | 40 | 7 |
| 10/19/2015 | 46 | 40 | 6 |
| 10/26/2015 | 49 | 40 | 9 |
| 11/2/2015 | 53 | 40 | 13 |
| 11/9/2015 | 44 | 40 | 4 |
| 11/16/2015 | 43 | 40 | 3 |
| 11/23/2015 | 48 | 40 | 8 |
| 11/30/2015 | 48 | 40 | 8 |
| 12/7/2015 | 49 | 40 | 9 |
| 12/14/2015 | 50 | 40 | 10 |
| 12/21/2015 | 63 | 40 | 23 |
| 12/28/2015 | 60 | 40 | 20 |
| Total (Hours) | 1227 | 1040 | 187 |

1

Jose Daniel Mendoza: Hours and Calculations

| Minimum Wage | $8.05 |
|---|---|
| Actual hourly wage | $9.50 |
| Total unpaid minimum wage | No minimum Wage Violation |

| Overtime | |
|---|---|
| Actual rate paid for hours over 40 | $9.50 |
| Total Actual payment without overtime premium | $9.50 X 187 hours = $1776 |
| Overtime rate | $14.25 |
| Total pay with overtime premium rate | $14.25 X 187 hours = $2,665 |
| Total unpaid overtime | $2,665 - $1776 = $889 |

| Total Unpaid Wages 2015 | $889 |
|---|---|
| Unpaid overtime and liquidated damages | $889 X 2 = $1,778 |

Jose Daniel Mendoza: Hours and Calculations

| Jose Mendoza Hours 2016 | | | |
|---|---|---|---|
| Date | Hours Worked | Hours w/o OT | OT Hours |
| 1/4/2016 | 59 | 40 | 19 |
| 1/11/2016 | 44 | 40 | 4 |
| 1/18/2016 | 45 | 40 | 5 |
| 1/25/2016 | 45 | 40 | 5 |
| 2/1/2016 | 43 | 40 | 3 |
| 2/8/2016 | 44 | 40 | 4 |
| 2/15/2016 | 47 | 40 | 7 |
| 2/22/2016 | 46 | 40 | 6 |
| 2/29/2016 | 45 | 40 | 5 |
| 3/7/2016 | 45 | 40 | 5 |
| 3/14/2016 | 45 | 40 | 5 |
| 3/21/2016 | 45 | 40 | 5 |
| 3/28/2016 | 43 | 40 | 3 |
| 4/4/2016 | 45 | 40 | 5 |
| 4/11/2016 | 44 | 40 | 4 |
| 4/18/2016 | 40 | 40 | 0 |
| 4/25/2016 | 42 | 40 | 2 |
| 5/2/2016 | 42 | 40 | 2 |
| 5/9/2016 | 45 | 40 | 5 |
| 5/16/2016 | 45 | 40 | 5 |
| 5/23/2016 | 44 | 40 | 4 |
| 5/30/2016 | 43 | 40 | 3 |
| 6/6/2016 | 44 | 40 | 4 |
| 6/13/2016 | 46 | 40 | 6 |
| 6/20/2016 | 48 | 40 | 8 |
| 6/27/2016 | 47 | 40 | 7 |
| 7/4/2016 | 44 | 40 | 4 |
| 7/11/2016 | 40 | 40 | 0 |
| 7/18/2016 | 40 | 40 | 0 |
| 7/25/2016 | 39 | 39 | 0 |

3

Jose Daniel Mendoza: Hours and Calculations

| 8/1/2016 | 38 | 38 | 0 |
|---|---|---|---|
| 8/8/2016 | 40 | 40 | 0 |
| 8/15/2016 | 40 | 40 | 0 |
| 8/22/2016 | 40 | 40 | 0 |
| 8/29/2016 | 46 | 40 | 6 |
| 9/5/2016 | 45 | 40 | 5 |
| 9/12/2016 | 45 | 40 | 5 |
| 9/19/2016 | 43 | 40 | 3 |
| 9/26/2016 | 46 | 40 | 6 |
| 10/3/2016 | 48 | 40 | 8 |
| 10/10/2016 | 48 | 40 | 8 |
| 10/17/2016 | 47 | 40 | 7 |
| 10/24/2016 | 40 | 40 | 0 |
| 10/31/2016 | 48 | 40 | 8 |
| 11/7/2016 | 44 | 40 | 4 |
| 11/14/2016 | 46 | 40 | 6 |
| | | | |
| 11/21/2016 | 45 | 40 | 5 |
| 11/28/2016 | 49 | 40 | 9 |
| 12/5/2016 | 48 | 40 | 8 |
| 12/12/2016 | 47 | 40 | 7 |
| 12/19/2016 | 63 | 40 | 23 |
| 12/26/2016 | 60 | 40 | 20 |
| **Total (Hours)** | 2350 | 2077 | 273 |

Jose Daniel Mendoza: Hours and Calculations

| Minimum Wage | $8.05 |
|---|---|
| Actual Hourly Wage | $9.50 |
| Total Unpaid Minimum Wage | No minimum wage violation |

| Overtime | |
|---|---|
| Actual rate paid for hours over 40 | $9.50 |
| Total actual payment for hours over 40 | $9.50 X 273= $2,593 |
| Overtime rate | $14.25 |
| Total pay with overtime rate | $14.25 X 273 = $3,890 |

| Total Unpaid Wages 2016 | $1,297 (3890-2593) |
|---|---|
| Total unpaid wages with liquidated | Unpaid OT $1297 X 2 = $2594 |

Jose Daniel Mendoza: Hours and Calculations

| Jose Mendoza Hours 2017 | | | |
|---|---|---|---|
| Date | Hours Worked | Hours w/o OT | OT Hours |
| | | | |
| 1/2/2017 | 50 | 40 | 10 |
| 1/9/2017 | 45 | 40 | 5 |
| 1/16/2017 | 43 | 40 | 3 |
| 1/23/2017 | 44 | 40 | 4 |
| 1/30/2017 | 45 | 40 | 5 |
| 2/6/2017 | 43 | 40 | 3 |
| 2/13/2017 | 48 | 40 | 8 |
| 2/20/2017 | 44 | 40 | 4 |
| 2/27/2017 | 44 | 40 | 4 |
| 3/6/2017 | 43 | 40 | 3 |
| 3/13/2017 | 49 | 40 | 9 |
| 3/20/2017 | 45 | 40 | 5 |
| 3/27/2017 | 46 | 40 | 6 |
| 4/3/2017 | 40 | 40 | 0 |
| 4/10/2017 | 43 | 40 | 3 |
| 4/17/2017 | 42 | 40 | 2 |
| 4/24/2017 | 39 | 39 | 0 |
| 5/1/2017 | 38 | 38 | 0 |
| 5/8/2017 | 32 | 32 | 0 |
| 5/15/2017 | 40 | 40 | 0 |
| 5/22/2017 | 40 | 40 | 0 |
| 5/29/2017 | 43 | 40 | 3 |
| 6/5/2017 | 44 | 40 | 4 |
| 6/12/2017 | 45 | 40 | 5 |
| 6/19/2017 | 45 | 40 | 5 |
| 6/26/2017 | 46 | 40 | 6 |
| 7/3/2017 | 40 | 40 | 0 |
| 7/10/2017 | 45 | 40 | 5 |
| 7/17/2017 | 46 | 40 | 6 |

Jose Daniel Mendoza: Hours and Calculations

| 7/24/2017 | 48 | 40 | 8 |
|-----------|------|------|-----|
| 7/31/2017 | 43 | 40 | 3 |
| 8/7/2017 | 45 | 40 | 5 |
| 8/14/2017 | 38 | 38 | 0 |
| 8/21/2017 | 36 | 36 | 0 |
| 8/28/2017 | 41 | 40 | 1 |
| 9/4/2017 | 39 | 39 | 0 |
| 9/11/2017 | 40 | 40 | 0 |
| 9/18/2017 | 43 | 40 | 3 |
| 9/25/2017 | 40 | 40 | 0 |
| 10/2/2017 | 36 | 36 | 0 |
| 10/9/2017 | 40 | 40 | 0 |
| 10/16/2017 | 42 | 40 | 2 |
| 10/23/2017 | 40 | 40 | 0 |
| 10/30/2017 | 45 | 40 | 5 |
| 11/6/2017 | 40 | 40 | 0 |
| 11/13/2017 | 38 | 38 | 0 |
| 11/20/2017 | 36 | 36 | 0 |
| 11/27/2017 | 40 | 40 | 0 |
| 12/4/2017 | 45 | 40 | 5 |
| 12/11/2017 | 43 | 40 | 3 |
| 12/18/2017 | 55 | 40 | 15 |
| 12/25/2017 | 50 | 40 | 10 |
| Total | 2220 | 2052 | 168 |

Jose Daniel Mendoza: Hours and Calculations

| Minimum Wage | $10.00 |
|---|---|
| Actual Hourly Wage | $9.50 |
| Total pay at minimum wage | $10.00 X 2,220 hours = $22,200 |
| Total actually paid | $9.50 X 2,220 = $21,090 |
| Total Unpaid Minimum Wage | $22,200 – $21,090 = $1,110 |
| | |

| Overtime | |
|---|---|
| Actual rate paid for hours over 40 | $9.50 |
| Unpaid portion of overtime rate | $5 |
| Total unpaid overtime | $5 X 168 hours = $840 |

| Total Unpaid Wages 2017 | $1,110 + 840 = $1,950 |
|---|---|
| Unpaid minimum wage and liquidated damages | $1,110 X 3 =$3,330 |
| Unpaid overtime and liquidated damages | 2X 840 = $1,680 |
| Unpaid Wages with Liquidated damages | $1,680+$3,330 = $5010 |

Jose Daniel Mendoza: Hours and Calculations

| Jose Mendoza Hours 2018 | | | |
|---|---|---|---|
| Date | Hours Worked | Hours w/o OT | |
| 1/1/2018 | 56 | 40 | 16 |
| 1/8/2018 | 36 | 36 | 0 |
| 1/15/2018 | 35 | 35 | 0 |
| 1/22/2018 | 24 | 24 | 0 |
| 1/29/2018 | 42 | 40 | 2 |
| 2/5/2018 | 28 | 28 | 0 |
| 2/12/2018 | 38 | 38 | 0 |
| 2/19/2018 | 36 | 36 | 0 |
| 2/26/2018 | 47 | 40 | 7 |
| 3/5/2018 | 47 | 40 | 7 |
| 3/12/2018 | 47 | 40 | 7 |
| 3/19/2018 | 47 | 40 | 7 |
| 3/26/2018 | 47 | 40 | 7 |
| 4/2/2018 | 47 | 40 | 7 |
| 4/9/2018 | 47 | 40 | 7 |
| 4/16/2018 | 47 | 40 | 7 |
| 4/23/2018 | 47 | 40 | 7 |
| 4/30/2018 | 47 | 40 | 7 |
| 5/7/2018 | 20 | 20 | 0 |
| 5/14/2018 | 20 | 20 | 0 |
| 5/21/2018 | 20 | 20 | 0 |
| 5/28/2018 | 20 | 20 | 0 |
| **Total** | 845 | 757 | 88 |

| 1/1 - 1/7 | 56 | 40 | 16 |
|---|---|---|---|
| 1/8 - 5/28 | 789 | 717 | 72 |

9

Jose Daniel Mendoza: Hours and Calculations

| Minimum Wage | $10.50 |
|---|---|
| Actual hourly wage | $9.50 (56 hours) $10 (789 hours) |
| Total pay at minimum wage | $10.50 X 845 = $8, 872 |
| Total actually paid | $9.50 X 56 + 10 X 789 = $8422 |
| Total unpaid Minimum Wage | $8,872 - $8,422 = $450 |

| Overtime | |
|---|---|
| Actual rate paid for hours | $9.50 (16 hours); $10 (72 hours) |
| Unpaid portion of Overtime rate | 5.25 |
| Total unpaid overtime | 88 hours X 5.25 = $462 |

| Total Unpaid Wages 2018 | $462+ $450 = $912 |
|---|---|
| Unpaid min wage with liquidate damages | $450 X 3 = $1,350 |
| Unpaid overtime with liquidated damages | $462 X2 = $924 |
| All unpaid wages with liquidated damages | $924 + $1350 = $2,274 |

10

# EXHIBIT A6

Raquel Herrera:  Hours and Calculations

| Raquel Herrera Hours 2017 | | | |
|---|---|---|---|
| Date | Hours Worked | Hours w/o OT | OT Hours |
| 5/8/2017 | 37 | 37 | 0 |
| 5/15/2017 | 34 | 34 | 0 |
| 5/22/2017 | 38 | 38 | 0 |
| 5/29/2017 | 40 | 40 | 0 |
| 6/5/2017 | 36 | 36 | 0 |
| 6/12/2017 | 30 | 30 | 0 |
| 6/19/2017 | 34 | 34 | 0 |
| 6/26/2017 | 37 | 37 | 0 |
| 7/3/2017 | 39 | 39 | 0 |
| 7/10/2017 | 37 | 37 | 0 |
| 7/17/2017 | 31 | 31 | 0 |
| 7/24/2017 | 40 | 40 | 0 |
| 7/31/2017 | 36 | 36 | 0 |
| 8/7/2017 | 44 | 40 | 4 |
| 8/14/2017 | 47 | 40 | 7 |
| 8/21/2017 | 56 | 40 | 16 |
| 8/28/2017 | 40 | 40 | 0 |
| 9/4/2017 | 46 | 40 | 6 |
| 9/11/2017 | 48 | 40 | 8 |
| 9/18/2017 | 39 | 39 | 0 |
| **Total (Hours)** | 789 | 748 | 41 |
| Hourly Wages | $7.50/hr | | |

1

Raquel Herrera:  Hours and Calculations

| Minimum Wage | $10.00 |
|---|---|
| Actual hourly wage | $7.50 |
| Total pay at minimum | $10 X 789 = $7,890 |
| Total actually paid | $7.50 X 789 = $5,918 |
| Total Unpaid Minimum Wage | $7,890 -$5,918 =  $1,972 |

| Overtime | |
|---|---|
| Actual rate paid for hours over 40 | $7.50 |
| Unpaid portion of overtime rate | $5 |
| Total unpaid overtime | $5 X 41 = $205 |

| Total Unpaid Wages 2017 | $205 + $1972 = $2177 |
|---|---|
| Total unpaid min wage and liquidated damages | $1972 X 3 = $,5916 |
| Unpaid overtime and liquidated Damages | $205 X 2 = $410 |
| Total unpaid wages and liquidated damages | $5,916 + $410 = $6,326 |