**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Tolano, Francisco Javier Ponce Bernal, Jose Daniel Mendoza, and Raquel Herrera, <br><br> Plaintiffs, <br><br> v. <br><br> El Rio Bakery and Carlos Guillermo Vargas Mendoza, <br><br> Defendants. | No. CV-18-00125-TUC-RM <br><br> **ORDER** |

Pending before the Court is Plaintiffs' "Motion to Court for Entry of Default Judgment and Request for Monetary Relief" as to Defendants El Rio Bakery and Carlos Guillermo Vargas Mendoza. (Doc 30.)[1] For the reasons explained below, the Court will order limited further briefing before resolving this Motion.

## I. Procedural and Factual Background

Plaintiffs Maria Tolano, Raquel Herrera, Jose Daniel Mendoza, and Francisco Javier Ponce Bernal are former employees of Defendant El Rio Bakery. (Doc. 1.) Plaintiffs filed their operative First Amended Complaint on July 24, 2018. (Doc. 12.) They alleged claims for overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); failure to pay the minimum wage in compliance with Arizona's Minimum Wage Act, A.R.S. § 23-362 *et. seq.*; failure to make timely wage payments under A.R.S. § 23-351;

---

[1] Plaintiffs filed both a Motion captioned "Motion to Court for Entry of Default Judgment and Request for Monetary Relief" (Doc. 29) and an identical Motion with an identical caption but attached to a Memorandum of Points and Authorities (Doc. 30). The Court will treat the first Motion (Doc. 29) as superseded by the more recent Motion (Doc. 30).

retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3); retaliation in violation of A.R.S. § 23-364(B); and common-law unjust enrichment. (*Id.*) Service was executed upon Defendant El Rio Bakery and Defendant bakery-owner Carlos Guillermo Vargas Mendoza on August 28, 2018. (Docs. 15, 16.)

Neither Defendant filed an Answer to Plaintiff's Amended Complaint. (Doc. 12.) On September 14, 2018, Defendant Vargas Mendoza gave Notice of Filing of Chapter 13 Bankruptcy Petition. (Doc. 17.) The Court ordered briefing as to whether the automatic stay provision of 11 U.S.C. § 362 applied to Defendants in light of the pending bankruptcy petition. (Doc. 18.) Both parties agreed that the stay provision applied only to Defendant Vargas Mendoza, the debtor in the bankruptcy petition, and not to Defendant El Rio Bakery. (Docs 19, 20.) On December 17, 2018, the Court provided Defendant El Rio Bakery an extension of time to file its Answer, but no Answer was filed. (Doc. 21.)

On January 2, 2019, Plaintiffs requested that the Clerk of Court enter default judgment against Defendant El Rio Bakery pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 22.) Default was entered as to Defendant El Rio Bakery by the Clerk of Court on that same day. (Doc. 23.) On February 19, 2019, the Bankruptcy Court dismissed Defendant Vargas Mendoza's Chapter 13 Petition, thus lifting the automatic stay pursuant to 11 U.S.C. § 362(c)(2)(B). (Doc. 26.) On May 13, 2019, Plaintiffs requested the Clerk of Court enter default against Defendant Vargas Mendoza, and default was entered on March 14, 2019. (Docs. 26, 27.) On April 4, 2019, Plaintiffs moved the Court for entry of default judgment against both Defendant El Rio Bakery and Defendant Vargas Mendoza, and requested monetary relief. (Docs. 29, 30.)

**II.    Discussion**

Once a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment. *See Draper v. Coombs,* 792 F.2d 915, 924–25 (9th Cir. 1986). In *Eitel v. McCool,* the Ninth Circuit laid out seven factors that may be

considered by courts exercising discretion as to the entry of a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 783 F.2d 1470, 1471-72 (9th Cir. 1986).

"[U]pon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). A plaintiff seeking default judgment and monetary relief "is required to prove all damages sought in the complaint." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." Fed. R. Civ. P. 54(c); *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F.Supp.2d 1049, 1054 (C.D. Cal. 2011). "In determining damages, a court can rely on declarations submitted by the plaintiff[.]" *Philip Morris USA, Inc.*, 219 F.R.D. at 498.

Plaintiffs request double damages for overtime violations as provided by the FLSA, 29 U.S.C. § 216(b). (Doc. 31 ¶ 10.) They also request treble damages for minimum wage violations under Arizona's Minimum Wage Act, A.R.S. § 23-364(G). (*Id.* ¶ 11.) They further request $150 in damages for retaliation under A.R.S. § 23-364(G), to be paid for each day between Plaintiff's alleged termination or constructive discharge and October 4, 2018, the date El Rio ceased operations. (*Id.* ¶ 12.) Plaintiff Tolano requests damages in the amount of $52,171, comprised of $6,190 in base wages and liquidated damages for overtime violations under the FLSA, $11,781 in treble damages under the Arizona Minimum Wage Act, and $34,200 as remedy for retaliation. (*Id.* at p. 7.) Plaintiff Bernal requests damages in the amount of $51,925, comprised of $7,780 in base wages and liquidated damages for overtime violations under the FLSA, $23,295 in treble damages under the Arizona Minimum Wage Act, and $20,850 as remedy for retaliation. (*Id.* at p.

10.) Plaintiff Mendoza requests damages in the amount of $30,106, comprised of $6,976 in base wages and liquidated damages for overtime violations under the FLSA, $4,680 in treble damages under the Arizona Minimum Wage Act, and $18,450 as remedy for retaliation. (*Id.* at p. 11.) Plaintiff Herrera requests damages in the amount of $62,876, comprised of $410 in base wages and liquidated damages for overtime violations under the FLSA, $5,916 in treble damages under the Arizona Minimum Wage Act, and $56,550 as remedy for retaliation. (*Id.* at p. 12-13.)

Plaintiffs have supported their requests for overtime violation damages under the FLSA and minimum wage violations under the Arizona Minimum Wage Act with a lengthy and detailed affidavit by their counsel, specifying for each relevant week the number of hours worked, the amount of overtime not paid, the actual wages paid, and the applicable minimum wage at that time. (*Id.* at p. 25-55.)

Plaintiffs, however, have provided no evidence of actual damages suffered as a result of their alleged retaliatory termination or constructive discharge. The enforcement section of Arizona's Minimum Wage Act provides in relevant part that, "[A]ny employer who retaliates against an employee or other person in violation of this article shall be required to pay the employee an amount set by the commission or a court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final." A.R.S. § 23-364(G). Instead of providing evidence of their actual damages, Plaintiffs each request $150 for each day between their alleged termination or constructive discharge and the day Defendant El Rio ceased operations. (*Id.* ¶ 12.)

The Court has found no decision construing the meaning of "for each day that the violation continued" as provided for by Arizona's Minimum Wage Act. A.R.S. § 23-364(G). Plaintiffs request statutory damages of $150 for each day following their termination or constructive discharge until Defendant El Rio shut down, and they therefore implicitly argue that the violation "continued" until Defendant El Rio ceased operations. However, the statute's plain language provides for a monetary remedy "sufficient to

1 compensate the employee and deter future violations." A.R.S. § 23-364(G). To determine what is sufficient to compensate an employee for retaliatory termination, and whether such amount would be sufficient to deter future violations, the Court must know the extent to which the employee mitigated damages by securing alternative employment. In a related context, courts have consistently required such evidence in determining backpay compensation under federal employment laws. *See Ford Motor Co. v. E.E.O.C.,* 458 U.S. 219, 232 (1982) (plaintiff "forfeits his right to backpay if he refuses a job substantially equivalent to the one he was denied"); *see also Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1020 (9th Cir. 2002) ("plaintiff seeking back pay [has] a duty to mitigate damages by seeking alternative employment with reasonable diligence") (internal citation and quotation marks omitted).

Plaintiffs have provided no evidence of damages suffered as a result of their alleged retaliatory terminations and constructive discharges. The Court will provide Plaintiffs with an opportunity to submit evidence as to wages lost as a result of their alleged retaliatory termination or constructive discharge. Such evidence, if provided, shall specifically explain the extent to which Plaintiffs attempted to and were able to mitigate those damages.

The Court will also order Defendants to show cause as to why default judgment should not be entered.

Accordingly,

**IT IS ORDERED** that within **twenty-one days** of the date this Order is docketed, Plaintiffs may submit evidence as to the damages they experienced as a result of their termination.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that within **twenty-one days** of the date this Order is docketed, Defendants must show cause as to why default judgment should not be entered against them.

Dated this 20th day of August, 2019.

_____
Honorable Rosemary Márquez
United States District Judge